IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JIMMY CLARK**                                                                       **PLAINTIFF**

v.                                      **CIVIL ACTION NO.:** 3:16-CV-263-MPM-RP

**TOWN OF CROWDER, MISSISSIPPI, and**
**JOHN DOE #1-10**                                                 **DEFENDANTS**

### COMPLAINT

### JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, JIMMY CLARK, by and through his counsel, and files this his complaint for damages against the Defendant for willful violations of the Fair Labor Standards Act. In support thereof, the Plaintiff would show unto the Court as follows:

### PARTIES

1. Jimmy Clark is an adult resident citizen of Crowder, Mississippi. The Plaintiff is a former employee of the Defendant, Town of Crowder, Mississippi.

2. The Defendant Town of Crowder, Mississippi may be served with process of this court through the Town Clerk, Stephanie Armstead, Crowder City Hall, 450 Quitman Ave., Crowder, Mississippi, 38622.

3. The Defendants John Doe #1-10 are other corporate entities and/or individuals who may also be liable to the Plaintiff but whose identities are presently unknown to the Plaintiff.

### JURISDICTION AND VENUE

4. Venue is proper in this court as the employer-employee relationship between the Plaintiff and the Defendant commenced in Crowder, Mississippi.

5. The Defendant is a covered employer as defined by Title 29 CFR Section 553.200 of the Fair Labor Standards Act.

6. Jurisdiction of this civil action is conferred by Section 16(b) of the Fair Labor Standards Act of 1938, as amended, and 29 U.S.C. §216(b).

## STATEMENT OF FACTS

7. The Plaintiff was hired by the Defendant on or about October 16, 2012 as the Chief of Police.

8. After (3) three years on the job, on or about October 16, 2016, the Plaintiff resigned.

9. In addition to Law Enforcement duties, the Plaintiff spent greater than twenty percent of his time completing the following tasks:

    - Installing water meters;
    - Reading water meters;
    - Disconnecting water meters for unpaid bills;
    - Repairing water leaks;
    - Collecting taxes;
    - Maintaining sewer pumps;
    - Mowing grass;
    - Cleaning ditches;
    - Spreading gravel;
    - General repair and upkeep;
    - Operating heavy machinery; and,
    - Other non-law enforcement duties as assigned by the Mayor.

10. In the Chief of Police role, the Plaintiff worked 90-130 hours in each and every given work week, with only the rarest of exceptions, and was never paid overtime compensation or the minimum wage as required by the Fair Labor Standards Act.

11. The Plaintiff was entitled to the minimum wage and overtime compensation, but was denied the same by and through the Defendant's willful violations of the Fair Labor Standards Act.

12. The Plaintiff was a non-exempt employee under the Fair Labor Standards Act. Accordingly, the Plaintiff, was entitled to be compensated at a rate of one and one-half times their regular rate for all hours over forty (40) hours worked in a given work week. 29 U.S.C. § 207(a), and further, to be paid at least the minimum wage.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands, after a trial by jury hereon, the following relief:

1.) All monies owed to the Plaintiff for all hours worked (as straight time);

2.) All unpaid overtime compensation;

3.) An additional amount equal to unpaid straight minimum wage time and unpaid overtime compensation as liquidated damages;

4.) A full and complete accounting of all State and Federal taxes owed by the Defendant on behalf of the Plaintiff;

5.) An award of reasonable attorneys' fees;

6.) Costs of Court; and,

7.) Such other relief as the Court may deem just and proper.

THIS the 14th day of November, 2016.

Respectfully submitted,

/s/Victoria Prince Ryals
Victoria Prince Ryals, MS Bar No.: 103090
Attorney for the Plaintiff

OF COUNSEL:

Ryals Law Firm, P.A.
Post Office Box 1563
Batesville, Mississippi 38606
T: 662-563-4300
F: 888-762-8358
victoriaprinceryals@gmail.com